UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ANTOINE HODGES, et al, <br><br>        Plaintiffs, <br><br>vs. <br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al <br><br>        Defendants. | Case No. 2:13-cv-02014-JCM-NJK <br><br>ORDER STAYING DISCOVERY <br>(Docket Nos. 15, 18) |

Pending before the Court is Defendant Jason Evans' Motion to Stay Discovery Pending Outcome of DA's Use of Force Investigation. Docket No. 15. Plaintiffs have filed a notice of non-opposition. Docket No. 16. On March 25, 2014, the Court issued a minute order requiring the parties to clarify whether they seek a stay on behalf of Defendant Evans, or on behalf of all parties. Docket No. 17. On March 31, 2014, the parties filed a stipulation requesting the Court to stay all discovery for all parties, pending the outcome of the DA's use of force investigation. Docket No. 18. For good cause shown and for the reasons discussed below, the Court hereby **GRANTS** the motion to stay and the parties' stipulation.

Defendant Evans ("Defendant") submits to the Court that Plaintiffs' Complaint alleges that Defendant used lethal force against Plaintiff Antoine Hodges by shooting him in the abdomen, thus causing life-threatening injuries. Docket No. 15, at 2. Defendant further submits that he has information and belief that the policy of the Clark County District Attorney's Office is to review the actions of Defendant in shooting Plaintiff to determine if the Office will pursue criminal charges against Defendant

or issue a finding that Defendant's actions did not constitute a criminal act. *Id*.

Defendant further submits that, in the instant case, the civil and potential criminal matters are nearly identical. *Id*., at 6. Therefore, since the District Attorney's Office has not yet made its determination regarding whether it will prosecute Defendant criminally, Defendant states that any "requirement for [him] to produce any statement regarding the events of October 21, 2013 and/or deposition testimony in this matter prior to the DA issuing its Findings would be in direct contradiction to [Defendant's] Fifth Amendment rights." *Id*. Defendant further states, without support or explanation, that the criminal investigation is moving quickly. *Id*., at 7. Finally, Defendant submits that proceeding with discovery would likely interfere with the District Attorney's Office's investigation. *Id*., at 6.

The Constitution does not require a court to stay civil proceedings pending the outcome of parallel criminal proceedings. *Federal Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). When making the determination about whether to stay civil proceedings during the pendency of parallel criminal proceedings, the Court must consider the particular circumstances and competing interests involved in the case. *Id*. "Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated." *Id*. The Court should also consider other factors, including:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D.Pa. 1980).

The Court finds these factors are present here. First, Plaintiffs have submitted a notice of non-opposition - thus, their interest in proceeding expeditiously with this litigation is minimal at best. Second, the burden on Defendant would be great, particularly the impact on his Fifth Amendment rights. Third, Defendant has submitted that the criminal investigation appears to be quick-moving; therefore, the Court should not be too inconvenienced in the management of its cases. Fourth, the Court is unaware of any persons not parties to this litigation who may have an interest in the litigation. Fifth, the Court finds that the interest of the public in the proper investigation of the potential criminal case

involving the actions of an on-duty police officer significantly outweighs any interest the public may have in this civil litigation. Additionally, as the parties have stipulated that a stay of all discovery in the case, regarding all parties, would allow both the criminal and civil proceedings to proceed fully, completely and efficiently, Docket No. 18, at 2, the Court finds that the stay should extend to all parties.

        Accordingly, Defendant Jason Evans' Motion to Stay Discovery Pending Outcome of DA's Use of Force Investigation is hereby **GRANTED**. Additionally, the parties' stipulation to stay all discovery for all parties in this case pending the outcome of the use of force investigation is **GRANTED**. All discovery relating to all parties in this case is stayed pending the outcome of the District Attorney's Office's investigation. The parties shall submit a joint status report to the undersigned within three days of the completion of the investigation. That status report shall indicate what discovery needs to be completed and shall provide a proposed plan for completing it.

        IT IS SO ORDERED.

        DATED: April 1, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge