1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13
14

| ANTOINE HODGES, et al.,                         Plaintiff(s),  v.  LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,                         Defendant(s). | 2:13-CV-2014 JCM (NJK) |

15

**ORDER**

16        Presently before the court is defendant Douglas Gillespie's motion to dismiss (doc. # 10).

17    Plaintiffs Antoine and Annette Hodges have responded (doc. # 12) and the defendant has replied

18    (doc. # 13).

19    **I.        Background[1]**

20        This matter arises out of the shooting of plaintiff Antoine Hodges by defendant Jason Evans

21    ("Evans").   Evans is a police officer employed by defendant Las Vegas Metropolitan Police

22    Department ("LVMPD").  Defendant Douglas Gillespie ("Gillespie") is the sheriff.  Plaintiff Annette

23    Hodges is Antoine's wife.

24        On or about October 21, 2013, Antoine was purchasing gas at a 7-11 convenience store in

25    Las Vegas, Nevada.  (Compl., doc. # 1, ¶ 13).  Evans entered the store with his gun drawn and

26

27        ───────────────────────

28        [1]  A stay of all discovery is currently in place due to the pending use of force investigation into the incident by
the District Attorney's Office.  As a result, the known facts and circumstances surrounding the events are limited.

**James C. Mahan**
**U.S. District Judge**

1   ordered Antoine to raise his hands, allegedly misidentifying him as a homicide suspect.  (*Id.* at 14).

2   Antoine raised one hand while simultaneously attempting to place money into his pocket with the

3   other.  (*Id.*).  Evans shot Antoine in the abdomen, allegedly without warning.  (*Id.* at 16).  Antoine

4   was not armed.  (*Id.*).

5       As Antoine lay on the ground, Evans handcuffed him until the paramedics arrived.  (*Id.* at

6   17).  Antoine was transported to University Medical Hospital where life-saving surgery was

7   performed.  (*Id.* at 18).

8       Based on these events, Antoine and Annette assert claims for the following: (1) violation of

9   Antoine's civil rights by Evans pursuant to 42 U.S.C. § 1983; (2) a *Monell* claim against LVMPD

10   and Gillespie; (3) negligence against each defendant; (4) assault and battery against each defendant;

11   (5) false arrest and imprisonment against each defendant; and (6) loss of consortium against

12   "defendant."[2]

13       The instant motion is brought on behalf of only defendant Gillespie, seeking to dismiss each

14   claim against him under Rule 12.

15  **II.**   **Legal Standard**

16       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

17   be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

18   statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell*

19   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

20   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

21   of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

22   allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus,

23   to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

24   to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

25       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

26   considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

27

28      [2]  This claim does not specify which defendant(s) it is being asserted against.

**James C. Mahan**
**U.S. District Judge**

1   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

2   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

3   suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

4   allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's

5   complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

6   liable for the alleged misconduct. *Id*. at 1949.

7         Where the complaint does not permit the court to infer more than the mere possibility of

8   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

9   (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

10  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

11  **III.**   **Discussion**

12        *A.*    *Monell claim*

13        Although it is titled as "42 U.S.C. § 1983 – Monell claim," in an abundance of caution the

14  court will treat the second cause of action as alleged against Gillespie as one seeking to hold him

15  personally liable under Section 1983.[3]

16               *I.*    *Individual capacity*

17        Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,

18  privileges, or immunities secured by the Constitution and laws" of the United States. "To state a

19  claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

20  Constitution or laws of the United States was violated, and (2) that the alleged violation was

21  committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles,* 442 F.3d

22  1178, 1185 (9th Cir. 2006).

23        For a defendant to be held liable under § 1983, the plaintiff must demonstrate that the

24  defendant personally participated in the alleged denial of rights; in other words, there can be no

25  liability under § 1983 based on *respondeat superior* or other theory of vicarious liability. *Monell v.*

26

27          [3]  A "*Monell*" claim ordinarily seeks to hold a municipality liable for an unconstitutional act by one of its officers.  Gillespie is not a municipality, therefore his inclusion in the second cause of action makes sense only if it seeks

28  to hold him liable based upon some level of personal involvement in the incident.

**James C. Mahan**
**U.S. District Judge**

1   *Dep't of Soc. Services of City of New York*, 436 U.S. 658, 663 n.7 (1978); *see also Jones v. Williams*,

2   297 F.3d 930, 934 (9th Cir. 2002).  Liability under §1983 attaches only upon personal participation

3   by a defendant in the constitutional violation. *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989).

4   A supervisor may be liable for constitutional violations of subordinates, however, if the supervisor

5   participated in, directed, or knew of the violations and failed to act to prevent them.  *Id.*

6        Here, the complaint does not assert that Gillespie personally participated in the alleged

7   constitutional deprivation(s).  The complaint likewise does not contain any facts suggesting that

8   Gillespie directed or knew of the alleged violations of Antoine's rights and failed to act to prevent

9   them.  Accordingly, any effort to hold Gillespie liable in his individual capacity would necessarily

10   be based upon a theory of *respondeat superior*, and the individual claim against him therefore fails.

11   *Monell*, 436 U.S. at 663 n.7.[4]

12          *ii.*    *Official capacity*

13        Claims against an individual in his official capacity are the functional equivalent of a suit

14   against the entity of which he is an agent.  *Kentucky v. Graham*, 473 U.S. 159 (1985).  Thus, the

15   official capacity claims against Gillespie are duplicative of those against LVMPD and are hereby

16   dismissed as redundant.  *See Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty Sheriff Dept.*,

17   533 F.3d 780, 799 (9th Cir. 2008) (Sheriff sued in "official capacity" is a redundant defendant and

18   should be dismissed when county is also named).

19       *B.*    *State law claims*

20        The third, fourth, fifth, and sixth causes of action are those for various state torts.  Each claim

21   as alleged against Gillespie fails.

22        Nevada law immunizes certain officers and employees of political subdivisions for the acts

23   or omissions of other persons.  In particular, "[n]o actions may be brought against (a) a sheriff or

24   county assessor which is based solely upon any act or omission of a deputy; (b) a chief of a police

25

26   _____

27      [4]  The allegations do not point to any particular policy that Gillespie himself has implemented.  The complaint
merely contains a laundry list of policies and/or customs allegedly held by LVMPD–many of them seemingly irrelevant

28   to these facts–without describing Gillespie's involvement, if any, in any of them.  As a result, the complaint contains only
conclusory allegations and threadbare recitals of the type that are not permitted by *Iqbal* and *Twombly*.

James C. Mahan
U.S. District Judge

department which is based solely upon any act or omission of an officer of the department. . ." NRS 41.0335(1)(a)-(b).  Plaintiffs' claims for assault, battery, false arrest, false imprisonment, and loss of consortium seek to hold Gillespie liable for Evans' alleged acts, and are therefore bared by Nevada law.

To the extent the complaint also seeks to hold Gillespie liable under a theory of negligent hiring, training, supervision, or retention, Gillespie enjoys immunity from such a claim under Nevada's discretionary immunity statute.  *See* NRS 41.032(2); *see also Beckwith v. Pool*, 2013 WL 3049070 at *6-7 (D. Nev. Jun. 17, 2013).

In addition, plaintiffs have failed to address any of these claims in their opposition to the motion to dismiss.  (*See generally* doc. # 12).  The local rules therefore provide an additional ground upon which to grant defendant's motion with respect to the state law claims asserted against him. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (court may grant dismissal when a motion to dismiss is unopposed after evaluating several enumerated factors).

**IV.**   **Conclusion**

The complaint fails to state a claim for which relief can be granted against this defendant. Defendant Gillespie's motion to dismiss is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Douglas Gillespie's motion to dismiss (doc. # 10) be, and the same hereby is, GRANTED.

DATED June 9, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 5 -