UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTOINE HODGES, et al., | |
| Plaintiffs, | 2:13-cv-02014-JCM-NJK |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | **O R D E R** |
| Defendants. | |

On December 29, 2015, Plaintiffs filed a motion for reconsideration of the Court's July 9, 2015 and August 10, 2015, orders granting counsel's motions to withdraw as counsel of record. Docket No. 47. *See also* Docket Nos. 35, 36, 38, 40, 42. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2.

**I.     PROCEDURAL HISTORY**

On November 1, 2013, Plaintiffs filed a Complaint against Defendants, alleging violations under 42 U.S.C. § 1983, as well as Negligence, Assault and Battery, False Arrest and False Imprisonment, and Loss of Consortium. Docket No. 1. At the time of the filing of the Complaint, Plaintiffs were represented by Potter Law Offices and by Joseph P. Reiff. *Id*.

On July 8, 2015, the attorneys of Potter Law Offices filed a motion to withdraw as counsel of record. Docket No. 35. In the motion, Potter Law Offices represented that it was unable to continue as co-counsel of record as Plaintiff Antoine Hodges failed to honor agreements made between Plaintiff and Potter Law Offices. *Id*. at 2; Docket No. 35-1 at 2. Potter Law Offices further represented that no delay in discovery or litigation would occur due to its withdrawal, as Plaintiffs

continued to be represented by Joseph Reiff, Esq. Docket No. 35 at 3; Docket No. 35-1 at 2. On July 9, 2015, the Court granted the motion to withdraw as attorney of record for Plaintiffs filed by Potter Law Offices. Docket No. 36.

On July 28, 2015, Joseph Reiff filed a motion to withdraw as attorney of record for Plaintiffs. Docket No. 38. Mr. Reiff represented that Plaintiff Antoine Hodges failed to honor agreements made between counsel and Plaintiff. *Id*. at 2; Docket No. 38-1 at 2. Mr. Reiff further represented that, on or about July 17, 2015, he informed Plaintiff Annette Hodges of his intent to withdraw as counsel and that, on or about July 22, 2015, Ms. Hodges advised counsel that she had discussed the issue of obtaining replacement counsel with her co-Plaintiff and was in the process of attempting to secure alternate counsel. Docket No. 38 at 2; Docket No. 38-1 at 2. On July 29, 2015, Mr. Reiff filed an addendum to his motion to withdraw. Docket No. 40. He represented the Plaintiff Annette Hodges had informed him that she was having difficulty obtaining alternate counsel. *Id*. at 2. As a result, Mr. Reiff informed the Court that delay would result from his withdrawal and asked the Court to allow Plaintiffs a reasonable period of time to obtain new counsel. *Id*.

On August 10, 2015, the Court held a hearing on Mr. Reiff's motion to withdraw. Docket No. 42. Mr. Reiff and Plaintiff Annette Hodges were present for the hearing. *Id*. The Court sealed the record and allowed Plaintiff and Mr. Reiff to make representations regarding the motion. *Id*. After hearing from both, the Court found good cause existed to grant the motion to withdraw. *Id*. The Court allowed Plaintiffs until September 9, 2015, either for new counsel to file a Notice of Appearance, or for Plaintiffs to file a Notice of Intent to Proceed *Pro Se*. *Id*.

On or about September 9, 2015, Plaintiff Annette Hodges sent a letter to the Court, asking for an extension of 30 days to obtain counsel. Docket No. 45-1. On September 10, 2015, the Court issued an order informing Plaintiffs that "a document requesting a Court order must be styled as a motion, not a letter," and that "[l]etters to a judge will be disregarded." Docket No. 45. Plaintiffs never filed a motion to extend time. *See* Docket. Additionally, to date, Plaintiffs have failed to file either a Notice of Appearance of Counsel, or a Notice of Intent to Proceed *Pro Se*. *See* Docket.

. . . .

. . . .

1   Plaintiffs now ask the Court to reconsider its orders allowing counsel to withdraw. Docket
2   No. 47. Plaintiffs allege that they are entitled to the representation of counsel. *Id*. at 3. Plaintiffs
3   further allege that they honored their agreement with Potter Law Offices. *Id*.

## II. DISCUSSION

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiff's motion to reconsider does not cite, let alone attempt to comply with, the applicable standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Additionally, Plaintiffs are incorrect in their assertion that they are entitled to counsel. In fact, there is no right to counsel in a civil case. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

Since Plaintiffs filed the instant motion *pro se*, the Court has construed the filing liberally. The Court has, therefore, re-examined the motions at issue, as well as the circumstances surrounding its orders granting the motions. Having done so, the Court finds that the Court did not commit clear error, the initial decision was not manifestly unjust, and no intervening change in controlling law has occurred. Therefore, the Court finds that reconsideration of the orders at Docket Nos. 36 and 42 is not appropriate.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

### III. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Docket No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than January 25, 2016, Plaintiffs must either file a Notice of Intent to Proceed *Pro Se*, or a new attorney representing Plaintiffs must file a Notice of Appearance. Failure to comply with this deadline will result in an order to show cause why sanctions should not be imposed.

IT IS SO ORDERED.

DATED: January 4, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge