UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTOINE HODGES, et al., | Case No. 2:13-CV-2014 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is co-plaintiff Antoine Hodges' motion for additional time, which addresses this court's May 19, 2017, order to show cause as to why a proposed pretrial order that complies with Local Rule 16-3 had not been submitted to the court. (ECF No. 94).

In the order to show cause, this court noted that plaintiffs appeared to prevent the production of a proposed pretrial order that complied with Local Rule 16-3. (ECF No. 93). As such, the court instructed plaintiffs to:

> [J]ointly submit a written document to the court within twenty-one (21) days of the date of this order showing cause why a complete proposed pretrial order that complies with Local Rule 16-3 has not been completed in a timely manner. Either the failure to timely file this explanation or inadequate justification for the lack of assistance with the pretrial order may result in the dismissal of the present case. Alternatively, plaintiffs may submit a corrected proposed pretrial order, jointly with defendant, within twenty-one (21) days of the date of this order.

(*Id.* at 2).

In the motion for additional time, Antoine Hodges indicates that he has not been able to pursue his case because he has been in custody and had difficulties accessing a law library "or looking up the things [he] needs" in his case. (ECF No. 94 at 1). Additionally, he indicates that his wife, co-plaintiff Annette Hodges, has difficulty finding time to work, care for her children,

**James C. Mahan**
**U.S. District Judge**

address her health issues, and assist in the prosecution of this case. (*Id.*). Plaintiff also indicates that he has instead been focusing on "trying to get house arrest the last few months." (*Id.* at 1).

Ultimately, plaintiff requests that this court grant him "about 30 to 45 days upon [his] release, to find the help [he] needs in his case." (*Id.* at 3).

Although pro se litigants are afforded great latitude during the pleading stage of a case, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Additionally, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961)).

On January 31, 2017, Magistrate Judge Koppe set the February 21, 2017, deadline for the proposed joint pretrial order. (ECF No. 83). On February 22, 2017, Officer Jason Evans ("defendant") submitted a proposed pretrial order that indicated the extent of defense counsel's efforts to engage with plaintiffs, providing as follows:

> Officer Evans, through his Counsel, has made every effort to submit a Joint Pre-Trial Order as contemplated by . . . this Court's previous Orders. These efforts include preparing the Joint Pre-Trial Order and providing it to Plaintiffs with a request that they provide their portions; meeting with Mrs. Hodges in person while Mr. Hodges was on the phone due to his incarceration; providing limited direction to the Pro Se Plaintiffs including copies of pleadings and disclosures to assist them in completing their portions; and speaking with Mrs. Hodges on the telephone and via e-mail. In addition, Officer Evans' Counsel has coordinated and communicated with Carlin Conservation Camp, where Mr. Hodges is currently incarcerated, to arrange telephone calls and ensuring that Mr. Hodges was provided the same documents, pleadings and disclosures Mrs. Hodges was provided. Despite Officer Evans' Counsel's best efforts, Officer Evans has been unable to obtain Plaintiffs' relevant portions to finalize a Joint Pre-Trial Order. As the Court ordered the parties submit a Joint Pre-Trial Order by February 21, 2017 (which was also the date a mandatory Settlement Conference was held in this matter), Officer Evans is submitting an individual Pre-Trial Order.

(ECF No. 89 at 1 n.1).

In response to that filing, this court indicated on February 28, 2017, that the one-sided proposed pretrial order violated Local Rule IA 6-2 and Local Rule 16-4(d), which govern the required form of order for stipulations and the form of a pretrial order, respectively. (ECF No. 90).

Defendant then filed a corrected proposed pretrial order on March 3, 2017, which also indicated plaintiffs' inability to contribute to the proposed pretrial order. (ECF No. 91). On March 6, 2017, this court indicated that defendant's proposed submission violated Local Rule 16-3(b)(9), which requires "[a] statement *by each party* of whether they intend to present evidence in electronic format to jurors for purposes of jury deliberations." LR 16-3(b)(9) (emphasis added); *see also* (ECF No. 92).

On May 19, 2017, this court entered the aforementioned order to show cause within twenty-one (21) days for plaintiffs' failure to contribute to an adequate pretrial order. (ECF No. 93). Within eleven (11) days of the court rendering that order, plaintiff submitted the present motion for additional time. (ECF No. 94).

First, this court required a joint statement from not only Antoine Hodges, but also his wife, Annette Hodges. (ECF No. 93). Instead, Antoine filed a motion—unsigned by Annette, who is not in custody, and vaguely asserting facts with little detail or explanation—requesting that this court and defendant wait up to a month and a half after his indeterminate release from custody before acting on the motion to show cause. (ECF No. 94). Notably, Antoine's motion is utterly devoid of specific dates; the court does not know when he would be released from custody. (*Id.*).

As noted above, defendant's proposed pretrial order describes the great extent to which defense counsel has attempted to work with plaintiffs to generate a suitable joint proposed pretrial order. *See* (ECF No. 93). In light of these efforts, the fact that plaintiff Annette Hodges is not in custody, plaintiff Antoine Hodges' vague and non-compliant motion filed in this wake of this court's order to show cause, and the more than three months of time that have passed since the deadline to submit a proper proposed pretrial order, this court is not inclined to grant the present motion.

Plaintiffs' original deadline to comply with the order to show cause was June 9, 2017; this date has not yet elapsed. *See* (ECF No. 93). Plaintiffs shall now have until 5:00 p.m. on June 12, 2017, to properly comply with the requirements of the order to show cause, as updated and clarified below. The failure to adequately and sufficiently comply with the terms of that order by 5:00 p.m. on June 12, 2017, will result in the court's dismissal of this case.

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs shall jointly submit a written document to the court by 5:00 p.m. on June 12, 2017, showing cause why a complete proposed pretrial order that complies with Local Rule 16-3 has not been completed in a timely manner.

Alternatively, plaintiffs may submit a corrected proposed pretrial order, jointly with defendant, by 5:00 p.m. on June 12, 2017. Without a corrected proposed pretrial order, the failure to timely file an adequate and factually sufficient explanation for the lack of assistance with the pretrial order will result in the dismissal of the present case.

DATED June 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -