**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTOINE HODGES, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant(s). | Case No. 2:13-CV-2014 JCM (NJK)<br><br>ORDER |

Presently before the court is its second order to show cause why plaintiffs have not assisted with defendant's production of the proposed joint pretrial order. (ECF No. 95). As noted in this court's previous orders (ECF Nos. 93, 95), the remaining defendant's counsel has made a variety of attempts to help pro se plaintiffs create a proposed joint pretrial order that complies with the local rules. (ECF No. 91 at 2 n.1). However, plaintiffs have failed to do so, although almost four months have passed since the deadline to submit a proposed joint pretrial order elapsed. (ECF No. 83).

Although pro se litigants are afforded great latitude during the pleading stage of a case, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Additionally, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961)).

Furthermore, "[d]ismissal with prejudice . . . for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f),

and the inherent power of the court." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (collecting cases).

On May 30, 2017, plaintiff Antoine Hodges unilaterally filed a motion for extension of time (ECF No. 94), which the court denied, *inter alia*, for the lack of specificity regarding his requested deadline and the failure to abide by the terms of the first order to show cause. (ECF No. 95); *see also* (ECF No. 93).

The court extended the deadline to comply with the order to show cause to June 12, 2017. (ECF No. 95). That order unequivocally indicated that a failure to comply with its terms would result in the dismissal of this case. *See* (*id.*). Plaintiffs have submitted no additional documents to the court since Mr. Hodges filed the denied motion to extend time. *See* (ECF No. 94). Thus, the court will dismiss this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the instant case, 2:13-cv-02014-JCM-NJK, be, and the same hereby is, DISMISSED with prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED June 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**